**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                No. 97-4464

JIMMY LEE WILLIAMS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                No. 97-4603

JIMMY LEE WILLIAMS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                No. 97-4776

JIMMY LEE WILLIAMS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                No. 97-4777

JIMMY LEE WILLIAMS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4809

JIMMY LEE WILLIAMS,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of North Carolina, at Greenville.
James C. Fox, District Judge.
(CR-96-41-F)

Submitted: September 15, 1998

Decided: October 16, 1998

Before WIDENER and WILLIAMS, Circuit Judges, and HALL,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Douglas Kingsbery, THARRINGTON & SMITH, Raleigh, North
Carolina, for Appellant. Janice McKenzie Cole, United States Attor-
ney, Anne M. Hayes, Assistant United States Attorney, David J.
Cortes, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

2

**OPINION**

PER CURIAM:

Jimmy Lee Williams appeals from his conviction for causing or aiding and abetting in the presentation of false claims upon or against the United States in violation of 18 U.S.C. #8E8E # 2, 287 (1994) (Appeal No. 97-4809). Williams contends that the district court erred in directing a verdict as to whether the forms submitted to the Internal Revenue Service ("IRS") were "claims upon or against the United States," and he contends that the indictment was at a fatal variance with the evidence presented at trial. Finding no error, we affirm Williams' conviction. Before entry of the judgment and commitment order, Williams, acting pro se, also noted appeals from the district court's orders denying his pro se motion for recusal of the district court judge (Appeal No. 97-4464), denying his pro se motion to set aside the verdict (Appeal No. 97-4603), denying his motion to relieve court appointed counsel (Appeal No. 97-4776), and denying his motion for a new trial (Appeal No. 97-4777). On appeal, Williams raises no challenges to the denial of his prejudgment motions. We therefore affirm the district court's orders denying his motions for recusal of the district court judge, to set aside the verdict, to relieve counsel, and for a new trial. See Fed. R. App. P. 28(a)(6); Shopco Distrib. Co. v. Commanding Gen., 885 F.2d 167, 170 n.3 (4th Cir. 1989).

I.

During the spring of 1993, White's Accounting and Associates of Jacksonville, North Carolina ("White's"), was an authorized tax preparation service, which offered a refund anticipation loan program pursuant to which Bank One loaned money to taxpayers who anticipated a refund on their federal income taxes. To obtain the loan, taxpayers would provide pertinent tax information to the tax preparation service, complete a loan application, and sign a Form 8453 ("U.S. Individual Income Tax Declaration for Electronic Filing") and a Form 1040A ("U.S. Individual Income Tax Return"). White's then electronically transmitted the income tax information to the IRS. After the IRS acknowledged the claim for a refund, White's would issue to the taxpayer an official cashier's check drawn on Bank One. The check issued to the taxpayer represented a loan from the bank, secured by

3

the assignment of the taxpayer's anticipated tax refund. The bank and the tax preparation service charged fees for this service; therefore, the loan amount was less than the anticipated refund amount. Once approved, the IRS sent the taxpayer's refund check to Bank One to repay the loan.

Jimmy Lee Williams worked as a "collection point" for White's. He collected tax information and documents from tax clients, recorded the relevant information on "interview sheets," and delivered the materials to White's for processing. Once the IRS approved the refund, White's printed a check payable to the taxpayer, and Williams delivered the check to the taxpayer.

Williams, Jeffrey Daniels, and John Haugabrook devised and carried out a scheme by which they submitted to White's Forms W-2 and Forms 1040 that contained false employment and wage information. White's then prepared electronic tax returns claiming refunds for the taxpayers. These returns were sent electronically, and White's also sent to the IRS by mail a signed Form 8453, which reiterated the relevant tax information and claim for refund, and on which the taxpayer verified "under penalties of perjury" that the representations on the electronically filed Form 1040 were "true, correct, and complete." After the IRS approved the refund claim, White's issued the refund check drawn on Bank One. Williams delivered the check and, accompanied by Daniels, escorted the taxpayer to the bank to cash the check. The taxpayer would keep a small amount of the money and give the rest to Williams and Daniels.

II.

Williams argues that the district court erred in directing a verdict for the government on the issue of whether the Forms 8453 received by the IRS were "claims upon or against the United States" under 18 U.S.C. § 287. Williams asserts that this was an essential element of the offense and that the jury should decide the issue. The core of Williams' argument is that what constitutes a claim is a factual determination, rather than a legal determination.

To obtain a conviction under § 287, the government was required to prove that Williams (1) presented or caused to be presented a claim

4

on or against the United States, and (2) knew the"claim to be false, fictitious or fraudulent." United States v. Ewing, 957 F.2d 115, 119 (4th Cir. 1992). The instructions at issue were:

> I would like to possibly help you to clarify a legal issue. And I want to instruct you that as a matter of law, a signed tax return ultimately filed with the United States on which there is a claim for a refund, is a claim against the United States, regardless of the nature of the instrument by which the claim is ultimately paid, and indeed, regardless of whether the claim is ultimately paid at all.

\* \* \*

> If you find that the Defendant submitted information to White's Accounting & Associates knowing and intending that White's Accounting & Associates would in turn submit a claim based upon such information to the IRS, and that White's did submit a claim to the IRS, then you may find the first element of this offense satisfied for each such claim a signed Form 8453 must have been received by the Internal Revenue Service.

Williams contends that these instructions assume, as a matter of law, that a signed Form 8453 is a claim upon or against the United States. Rather, Williams asserts that the jury should have been given the opportunity to consider whether the forms received by the IRS were "claims upon or against the United States."

The instructions define for the jury what constitutes a "claim" under § 287. Courts have repeatedly defined as a matter of law what constitutes a claim against the government.\* See United States v.

_____

\*Indeed, Williams sought an instruction which defined a "claim," in these terms: "as a matter of law, a signed return is a claim." He also repeatedly sought to admit an Internal Revenue Bulletin that stated that the IRS does not consider a tax return sent electronically to be filed until the IRS receives a signed Form 8453, verifying under penalties of perjury that the information on the electronically sent Form 1040 was accurate. When these two things happen, Williams' counsel acknowledged that a claim is made.

5

Jackson, 845 F.2d 880, 881 (9th Cir. 1988) (Form TFS 1133 submitted to the Treasury Department is a "claim" under § 287); United States v. Duncan, 816 F.2d 153, 155 (4th Cir. 1987) ("voucher for reduction of liability for advanced funds is a `claim' under Section 287"); United States v. Drape, 668 F.2d 22, 25 (1st Cir. 1982) (signing and filing false tax return to obtain undue refund constitutes a claim in violation of § 287). Contrary to Williams' assertion, the instructions do not direct the jury to find the existence of the first element of the offense, i.e. that Williams presented a claim upon or against the United States.

The district court's instructions defining for the jury what constitutes a "claim" under § 287 did not direct a verdict as to whether Williams had filed a claim. Rather, the instructions merely defined a legal term. The jury was left to decide the factual components of the first element of the offense: whether Williams caused returns to be filed with the IRS, whether the IRS received the returns, whether the returns were signed, whether the returns contained claims for refunds, whether the claims for refund were false, and whether Williams knew the claims were false.

III.

Williams contends that there was a fatal variance in this case between the indictment, the proof, and the district court's instructions regarding what constituted a "claim upon or against the United States." Specifically, he asserts that the indictment alleged that the claim submitted to the IRS consisted of a Form 1040 and a Form 8453 and that the falsehood was contained on the Form 1040. However, the proof at trial showed that no Forms 1040 were signed or submitted to the IRS. Rather, return information taken from Forms 1040A was transmitted to the IRS by White's via wire transmission. Williams also contends that the proof was at variance with the district court's instructions because an IRS witness testified that the claim was the electronically transmitted tax information, but the district court instructed the jury as a matter of law that a signed Form 8453 was a claim against the government. Williams failed to raise these issues at trial; therefore, our review is for plain error.

A variance is present when the evidence at trial materially differs from the allegations in the indictment. See Dunn v. United States, 442

U.S. 100, 105 (1979); United States v. Kennedy , 32 F.3d 876, 883 (4th Cir. 1994). Acknowledging that the proof at trial cannot mirror the allegations in the indictment, courts have afforded a reasonable amount of flexibility to the government and will not find a variance fatal, so long as the defendant was given notice of the "core of criminality" sought to be proven at trial. See United States v. Patino, 962 F.2d 263, 266 (2d Cir. 1992); United States v. Heimann, 705 F.2d 662, 666 (2d Cir. 1983). Thus, a variance will be overlooked unless it affects the defendant's substantial rights and results in actual prejudice to him. See Fed. R. Crim. P. 52(a); Kennedy, 32 F.3d at 883; United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993).

Because Williams was provided with adequate notice of the offenses charged to enable him to prepare a defense and because the indictment was sufficiently particular as to protect him from multiple prosecution for the same offense, we find the variance asserted by Williams to be harmless. See Brewer, 1 F.3d at 1437. Moreover, we find no material variance between the indictment and the proof, or the instructions and the proof. The indictment alleged that Williams caused to be filed Forms 1040 and 8453. The IRS custodian of records testified that the electronically filed tax information was considered an electronically filed Form 1040. Additionally, the signature document for the electronically filed Form 1040 is the Form 8453. On this form, the taxpayer verifies under penalty of perjury that the information on the electronically filed form is true, correct, and complete. We find no material difference between the indictment and the proof, or between the proof and the jury instructions.

IV.

In conclusion, we affirm the district court's orders denying Williams' motions for recusal of the district court judge, to set aside the verdict, to relieve counsel, and for a new trial. We also affirm Williams' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7